# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No. 1:22-cv-01580-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 2) |

Plaintiff Frederick Wayne Smith is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction and/or temporary restraining order, filed December 9, 2022. (ECF No. 2.) In his motion, Plaintiff seeks an answer as to why he was illegally transferred to a new prison despite his enemy concerns. (Id. at 2.)

**I.**

**LEGAL STANDARD**

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant

to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020). A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id. A mandatory injunction directs some responsible party to act. Id. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well-established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20– 22 (2008)); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent that prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cottrell, 632 F.3d at 1131–32; Stormans, 586 F.3d at 1127. Instead, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131; Stormans, 586 F.3d at 1127.

The Ninth Circuit evaluates the above factors under a sliding scale. Cottrell, 632 F.3d at 1131–35. A stronger showing on one factor may offset a weaker showing on another. Id. at 1132. But a plaintiff must make some showing on all four factors. Id. at 1135. Under the scale, if the balance of the hardships tips sharply towards the plaintiff, the plaintiff need only show "serious questions going to the merits" provided that the plaintiff also satisfies the other two factors. Id. at 1131–35. Thus, when there are serious questions going to the merits and a balance of hardships tips sharply towards the plaintiff, a preliminary injunction may issue if the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. Id.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo. See id. They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

## II.

## DISCUSSION

First, the Court notes Plaintiff's case is still in its preliminary screening stage, the United States Marshal has yet to effect service on his behalf, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. See Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).

Second, even if the Court had personal jurisdiction over defendants, Robinson has failed to establish the imminent irreparable harm required to support a preliminary injunction. See Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." Claiborne v. Blauser, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommendation adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than plausibly *allege* imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.

Here, Plaintiff requests to know why he was transferred to California Correctional

Institution where he has known known enemies. Plaintiff's allegations of potential harm and risk of injury are speculative, *see* Caribbean Marine, 844 F.2d at 674–75, and while Plaintiff may fear for his future safety as a result of the transfer, he has failed to establish that he faces the immediate and credible threat of irreparable harm necessary to justify injunctive relief at this stage of the case. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); Rigsby v. State, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). Plaintiff has not identified any immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff at California Correctional Institution. See Perez v. Diaz, No. 2:19-cv-1295 KJN P, 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), report and recommendation adopted, 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff ... faces imminent harm."). Accordingly, Plaintiff's motion for a preliminary injunction and/or temporary restraining order should be denied.

## III.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and/or temporary restraining order (ECF No. 2) be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 15, 2023**

UNITED STATES MAGISTRATE JUDGE