UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.<br><br>    Defendants. | No. 1:22-cv-01580-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AN OPPOSITION AND DIRECTING CLERK OF COURT TO CHANGE PLAINTIFF'S ADDRESS OF RECORD<br><br>(ECF No. 29) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's document entitled "Declaration of Plaintiff Frederick Wayne Smith to Buttress Status Quo Pursuant to Reiteration of Retaliatory Transfer and Continuous Violation of Plaintiff's Constitutional Rights, Reiterate Notice Motion Injunction – TRO – Preliminary," filed August 7, 2023. (ECF No. 29.) Defendant filed a response on August 23, 2023. (ECF No. 30.) The Court finds a reply is not necessary and deems the motion submitted. Local Rule 230(l).

Although Plaintiff's filing is difficult to decipher it appears that he is requesting a preliminary injunction and extension of time to file an opposition to Defendant's exhaustion

1

motion for summary judgment.[1]  (ECF No. 29.)

## I.

## DISCUSSION

### A. Preliminary Injunction

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation the Court's power to render a meaningful decision after a trial on the merits. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, No. 2:19-cv-1874-DB-P, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment. Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050, 1068 (9th Cir. 2020).  A preliminary injunction may assume two forms. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 878 (9th Cir. 2009). Prohibitory injunctions prevent a party from acting, thus maintaining the status quo. Id.  A mandatory injunction directs some responsible party to act. Id. at 879.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well-established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20– 22 (2008)); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent that prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Stormans, 586 F.3d at 1127. Instead, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

---

[1] The Court also notes that Plaintiff has apparently changed address multiple times without advising the Court which will be addressed below.

2

interest. Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131; Stormans, 586 F.3d at 1127.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from acting, and thus beyond mere maintenance of the status quo. Id.  They require a party to act. Id. District courts must deny requests for mandatory injunctions unless the law and facts clearly favor a moving party. Id.  The Court will not grant such requests in doubtful cases. Id.

Here, although Plaintiff titles his document request for preliminary injunction, it is not clear why he believes an injunction is necessary.  To the extent Plaintiff seeks an order preventing any future transfer, such request must be denied.  Plaintiff has failed to establish the imminent irreparable harm required to support a preliminary injunction.  See Winter, 555 U.S. at 20; Cottrell, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." Claiborne v. Blauser, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommendation adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than plausibly allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.

Plaintiff contends only that on or around July 16, 2023, he was transferred to North Kern State Prison where he was previously stabbed, but he is now housed at Kern Valley State Prison. (ECF No. 29.)  Plaintiff fails to set forth sufficient allegations of potential harm and risk of injury are speculative, see Caribbean Marine, 844 F.2d at 674–75, and while Plaintiff may fear for his future safety as a result of the transfer, he has failed to establish that he faces the immediate and credible threat of irreparable harm necessary to justify injunctive relief at this stage of the case.

City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); Rigsby v. State, No. CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). Plaintiff has not identified any immediate threat to his safety and has not submitted evidence suggesting that there are inadequate safeguards in place to protect Plaintiff at Kern Valley State Prison. See Perez v. Diaz, No. 2:19-cv-1295 KJN P, 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), report and recommendation adopted, 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents of violence fail to show that plaintiff ... faces imminent harm."). Accordingly, Plaintiff's second motion for a preliminary injunction and/or temporary restraining order should be denied.

### B.    Extension of Time

It appears that Plaintiff seeks an extension of time to file an opposition to Defendant's pending exhaustion motion for summary judgment because he does not have access to his legal materials. In the interest of justice and assuming Plaintiff's allegations to be true, the Court will grant Plaintiff thirty days to file an opposition. However, any future requests for an extension of time must be accompanied by a specific factual showing of "good cause" for the extension. Fed. R. Civ. P. 6(b)(1)(A).

### C.    Change of Address

Plaintiff's current address of record in California Correctional Institution in Tehachapi. However, in the current request Plaintiff describes his location as North Kern State Prison on or around July 16, 2023, and lists his current location as Kern Valley State Prison. (ECF No. 29.) Defendant notes that he served his motion for summary judgment on June 22, 2023, at Tehachapi, and correctly points out that Plaintiff acknowledges receipt of the moving papers (ECF No. 29 at

4

2:13-18), so he clearly received the filing.

As Plaintiff was advised in the Court's first informational order, he is obligated to keep this Court informed of his current address. Specifically:

> [a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); see also Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]").

Here, a review of CDCR's inmate locator reflects that Plaintiff is presented incarcerated at Kern Valley State Prison. See CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/. Therefore, the interest of justice, the Court will make a one-time exception and change Plaintiff's address of record. However, Plaintiff is advised that he must file a new change of address anytime he is moved from one facility to another or if he is released from custody and the Court will not change the address for him which can result in dismissal of the action.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition; and

2. The Clerk of Court shall change Plaintiff's address of record to reflect that he is currently incarcerated at Kern Valley State Prison.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's second motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

5

and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 24, 2023__      _____
                              UNITED STATES MAGISTRATE JUDGE