UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.<br><br>Defendants. | No. 1:22-cv-01580-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Docs. 34, 35) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On October 3, 2023, the Court denied Plaintiff's request for injunctive relief finding that Plaintiff presented only general fear for his safety based on the prior incidents. (Doc. 33.)

Currently before is Plaintiff's objections and request for reconsideration of the Court's October 3, 2023, order. (Docs. 34, 35.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, after review of Plaintiff's motion, the Court finds that Plaintiff has not presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate. Plaintiff simply repeats his arguments already considered by the Court, and Plaintiff does not meaningfully challenge the essential point of the findings of the findings and recommendations or order adopting, namely that Plaintiff has not demonstrated an imminent threat of irreparable harm. Accordingly, Plaintiff's motion for reconsideration (Doc. 35) of the Court's October 3, 2023, order is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 20, 2023**

UNITED STATES DISTRICT JUDGE

2