UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.<br><br>    Defendants. | No. 1:22-cv-01580-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S EXHAUSTION MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 28) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's exhaustion motion for summary judgment, filed June 22, 2023.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Rodriguez for retaliation, deliberate indifference to safety, and denial of access to the courts.

Defendant filed an answer to the complaint on June 14, 2023. (ECF No. 22.)

On June 20, 2023, the Court issued the discovery and scheduling order. (ECF No. 27.)

1

On June 22, 2023, Defendant filed the instant exhaustion motion for summary judgment.[1] (ECF No. 28.)  Plaintiff filed an opposition on December 8, 2023.  (ECF No. 38.)

## II.

## LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."   42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

---

[1] Concurrent with the filing of this motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 28-2.)

### B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

In arriving at this Findings and Recommendation, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This Court thoroughly

3

reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

**A.     Description of CDCR's Administrative Remedy Process**

The regulations governing the filing and resolution of inmate grievances provide that "[a] claimant has the ability to submit a written grievance . . . to dispute a policy, decision, action, condition or omission by the department or departmental staff." Cal. Code Regs., tit. 15 § 3481(a). The system consists of two levels of appeal: (1) a grievance at the institutional level; and (2) an appeal of any decision on that grievance to the CDCR Office of Appeals in Sacramento. Id. To submit a grievance in compliance with the regulations, an inmate must submit specific information that would allow the institution to investigate the claim, including names and titles of all involved staff members. Id., tit. 15, § 3482(c)(2).

**B.     Allegations of Complaint**

On September 17, 2021, Plaintiff was trying to request that the lights and flooring in his cell be fixed to lieutenant Rodriguez and three other officers.  Lieutenant Rodriguez opined "I now you FAST FRED," you got stabbed in law library and I was stabbed by Blue Note Crips after that because of you.  Lieutenant Rodriguez told Plaintiff to stop filing complaints.  Plaintiff filed an action in the Superior Court in Bakersfield and served it on warden C. Pfeiffer to inform him that lieutenant Rodriguez threatened him.  Plaintiff's lawsuit had to be delayed and dismissed because of fear of being stabbed again by inmates as ordered by officers.

Plaintiff's poor bowel movements is causing his cellmates to attack him.  Plaintiff was illegally transferred to a dangerous prison where he was subjected to assault and hazardous living conditions.

In 1992 Plaintiff was given single cell status at California Correctional Institution (CCI). Plaintiff was on single cell status for the three years he was housed at Kern Valley State Prison (KVSP).

On September 8, 2022, the prison tried to give Plaintiff a cellmate who was a member of Grape Street Watts.  Plaintiff alleged it was a set up because officer Smith opined that lieutenant

4

Rodriguez told him to put KENDOG in the cell.

On September 12, 2022, all of Plaintiff's personal and legal property was transpacked for an endorse transfer by warden C. Pfeiffer and warden B. Cates, even though he was programming great.

On September 13, 2022, Plaintiff was transferred to CCI, despite the known safety concerns.

On September 14, 2022, Plaintiff wrote two inmate appeals, one for not being able to ascertain his property and the other to inform staff that he should not be housed at CCI due to numerous enemies. Plaintiff showed the sergeant and other staff his active cases that were not prosecuted because lieutenant Rodriguez told Plaintiff "if you do anything I will lock your ASS UP, because you are the cause of me/Lt getting stabbed by Blue [N]ote Crips…."

Three sergeants walked inmate Maea to Plaintiff's cell. While the officials watched, Maea told Plaintiff that they had to fight to which Plaintiff agreed. Inmate Maea told a sergeant that Plaintiff did not want him in the cell, but told him to go in the cell. A fight broke out on October 9, 2022. Inmate Maea told Plaintiff that the officers set it up for him to go his cell and attack Plaintiff.

### C. Statement of Undisputed Facts[2]

1. Plaintiff alleges that on September 17, 2021, while at Kern Valley State Prison, he was threatened by Defendant Rodriguez to "stop filing complaints." (ECF No. 1, at 4.)

2. Approximately one year later, on September 13, 2022, Plaintiff was transferred from Kern Valley to CCI. (Id. at 8.)

3. Plaintiff also alleges that he failed to prosecute a complaint he had filed because of a threat from Rodriguez, but he does not allege any time frame regarding this issue. (Id.)

4. According to institution records, between the date of the alleged threat by Rodriguez on September 17, 2021, and the date Plaintiff filed the complaint in this action on December 9, 2022, Plaintiff pursued only one grievance through the administrative appeals process. (Declaration of C. Bonffil (Bonffil Decl.) ¶¶ 5-8 and Exs. A and B.) That grievance was

---

[2] Hereinafter referred to as "UDF."

5

1 assigned log number 174910. (Id.)

2      5.     The grievance with Log No. 174910 relates to issues Plaintiff was having with the

3 prison law librarian. (Id.)

4      6.     The grievance with Log No. 174910 does not mention or refer to Rodriguez. It

5 does not mention any threat by Rodriguez (or anyone else). (Id.)

6      7.     The grievance with Log No. 174910 does not mention Plaintiff's transfer to CCI.

7 (Id.)

8      8.     The grievance with Log No. 174910 does not mention the dismissal of any lawsuit

9 for failure to prosecute. (Id.)

10      **D.**     **Analysis of Defendant's Motion**

11 Defendant argues that Plaintiff has failed to exhaust the available administrative remedies

12 with respect to his claims and the action must be dismissed.

13 Here, Defendant has submitted undisputed evidence that an administrative procedure

14 process was available to Plaintiff.  (Bonffil Decl. ¶¶ 2, 7.)  In addition, between the date of the

15 alleged threat by Rodriguez on September 17, 2021, and the date Plaintiff filed the complaint in

16 this action on December 9, 2022, Plaintiff pursued only one grievance through the administrative

17 appeals process.  (UDF 4.)  The grievance with Log No. 174910 relates to issues Plaintiff was

18 having with the prison law librarian. (UDF 5.)  The grievance with Log No. 174910 does not

19 mention or refer to Rodriguez. It does not mention any threat by Rodriguez (or anyone else).

20 (UDF 6.)  The grievance with Log No. 174910 does not mention Plaintiff's transfer to CCI. (UDF

21 7.)  The grievance with Log No. 174910 does not mention the dismissal of any lawsuit for failure

22 to prosecute. (UDF 8.)

23 In his opposition, Plaintiff argues that he was denied and retaliated against by not

24 providing a proper Kosher diet.  However, this action is not proceeding on any claim regarding a

25 religious diet and the lack thereof.  Accordingly, Plaintiff's opposition raises arguments not

26 relevant to this action or the instant exhaustion motion for summary judgment.

27 Thus, it is undisputed that Plaintiff failed to put the institution or CDCR on notice that

28 Plaintiff claimed retaliation, deliberate indifference, or denial of access to the courts by Defendant

6

Rodriguez or anyone else.  Consequently, Plaintiff failed to comply with applicable regulations, and Defendant has satisfied his burden to show no genuine issues of material fact and that he is entitled to judgment as a matter of law.  The undisputed facts and supporting documents evidence that Plaintiff failed to exhaust administrative remedies available to him before filing his lawsuit.  Accordingly, Defendant's motion for summary judgment should be granted and the action should be dismissed, without prejudice.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 28) be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 10, 2024**

UNITED STATES MAGISTRATE JUDGE